```
        IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

| | |
|---|---|
| WASHONDA HOWARD-HUNT, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 22-00306-KD-B |
| | * |
| NORMAN BELL, | * |
| | * |
| Defendant. | * |

## REPORT AND RECOMMENDATION

This action is before the Court for review. Plaintiff Washonda Howard-Hunt filed a *pro se* complaint and a motion to proceed without prepayment of fees. (Docs. 1, 2).[1] In her complaint, Plaintiff Howard-Hunt named Norman Bell of Mobile, Alabama as the sole Defendant and listed "Personal Injury" as the grounds for jurisdiction.[2] (Doc. 1 at 1). Plaintiff alleged that Defendant Bell harassed her for months and touched her without her consent, causing her to suffer emotional distress and develop health problems. (Id. at 2-3). For relief, Plaintiff requested that Defendant Bell "pay [her] $75,000 . . . ." (Id. at 2).

In an order dated August 23, 2022, the Court found that

---

[1] This case was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(S).

[2] It appears that Plaintiff utilized the form complaint found in this Court's Pro Se Litigant Handbook. (See Doc. 1).

Plaintiff's complaint failed to state a basis for federal subject matter jurisdiction. (Doc. 3 at 3). The Court informed Plaintiff that "a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." (Id. at 3-4) (quoting Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997)). The Court then informed Plaintiff of the requirements to properly invoke federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332(a). (Id. at 4).

The Court explained that Plaintiff's complaint failed to establish either a federal claim or federal question jurisdiction, since it contained "no reference to federal law whatsoever, and the claims of personal injury and harassment by Norman Bell sound, if anywhere, in state tort law." (Id. at 5). The Court further explained that the complaint did not establish diversity jurisdiction because it failed to allege that the parties were citizens of different states and failed to plead an amount in controversy above the jurisdictional threshold. (Id. at 5-6).

The Court ordered Plaintiff to file an amended complaint setting forth a valid basis for this Court's subject matter jurisdiction by September 9, 2022. (Id. at 6). The Court cautioned Plaintiff that failure to timely file an amended

2

complaint setting forth a valid basis for federal jurisdiction would result in a recommendation that this action be dismissed *sua sponte* for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).  (Id. at 7).

As this Court previously informed Plaintiff, federal courts are courts of limited jurisdiction and are authorized by Constitution and statute to hear only certain types of actions. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  Federal courts are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking" and should do so "at the earliest possible stage in the proceedings." Univ. of S. Alabama v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).  When a plaintiff fails to allege facts that, if true, show that federal subject matter jurisdiction over her case exists, "district courts are constitutionally obligated to dismiss the action altogether if the plaintiff does not cure the deficiency." Travaglio v. Am. Exp. Co., 735 F.3d 1266, 1268 (11th Cir. 2013); see Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Because "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts[,]" 28 U.S.C. § 1653, and because "leave to amend should be freely granted when necessary to cure a failure to allege jurisdiction properly[,]"

3

Majd-Pour v. Georgiana Cmty. Hosp., Inc., 724 F.2d 901, 903 n.1 (11th Cir. 1984), the undersigned provided Plaintiff with a reasonable opportunity to cure her initial failure to allege a valid basis for federal subject matter jurisdiction. (See Doc. 3). Plaintiff was also expressly warned that the failure to timely file an amended complaint establishing federal jurisdiction would result in a recommendation that this action be dismissed. (Id. at 7). Notwithstanding this opportunity and warning, Plaintiff failed to amend her complaint to sufficiently allege subject matter jurisdiction. Indeed, she made no attempt at all to cure her deficient jurisdictional allegations.

Because Plaintiff's original complaint did not allege facts that, if true, show that federal subject matter jurisdiction over this case exists, and because Plaintiff failed to file an amended complaint that cures the deficient jurisdictional allegations as ordered, the Court is obligated to dismiss this action. See Travaglio, 735 F.3d at 1268; Fed. R. Civ. P. 12(h)(3). Accordingly, the undersigned recommends that this action be **DISMISSED without prejudice** under Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction.[3]

---

[3] Because this action is due to be dismissed for lack of subject matter jurisdiction, the undersigned takes no action on Plaintiff's motion to proceed without prepayment of fees (Doc. 2).

4

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **6th** day of **December, 2022.**

                                                  **/s/ SONJA F. BIVINS**
                                      **UNITED STATES MAGISTRATE JUDGE**